■ In the Matter of RONALD J. KOWALSKI, Appellant, v CITY CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK et al., Respondents.—Judgment entered in Supreme Court, New York County, on April 22, 1975, denying petitioner's application to annul respondents' determination removing him from the eligibility list and disqualifying him for the position of patrolman with the New York City Transit Police Department unanimously affirmed, without costs and without disbursements. Petitioner was placed on the eligibility list for the position of patrolman with the New York City Transit Police Department after having passed an examination. On September 10, 1973, he was advised by respondent department of personnel that, investigation having revealed that in 1972 petitioner had been convicted on his guilty plea of the crime of petit larceny, he was "not qualified" for the position. On October 2, 1973, he was marked "qualified subject to investigation" on the strength of a certificate of relief from disabilities issued by the convicting court. Before the investigation was completed, on January 11, 1974, the petitioner's name was certified for consideration for appointment as a patrolman. On July 17, 1974, respondent department of personnel issued a new determination that petitioner was not qualified for the position

because of his conviction and his prior employment record. Petitioner appealed this decision and a plenary hearing followed on September 9, 1974. Petitioner was the only witness at the hearing. He testified that he had been a correction officer from May, 1971 until June, 1973 when he resigned following a hearing by the correction department wherein petitioner was found guilty of failing to safeguard his weapon, resulting in the death of another, and of conduct unbecoming a correction officer because of his petit larceny conviction. On November 9, 1971, in the early morning hours, a friend of the petitioner loaded petitioner's gun and fatally shot himself in the head in petitioner's home and in his presence. Criminal charges were not brought against him and he continued as a correction officer. In March, 1972 petitioner was indicted for robbery and subsequently pleaded guilty to petit larceny and was placed on three years' probation, one of the conditions being that he resign his position of correction officer. Petitioner's appeal was denied by the Civil Service Commission and this article 78 proceeding followed. We cannot say on this record that the denial of his appeal was arbitrary and capricious. The determination finds support in the record. Petitioner's appeal was allowed and he was granted the requested opportunity to present evidence in his behalf. His attempt to justify his past conduct relating to the incident resulting in the death of his friend and the robbery indictment, followed by a plea of guilty to petit larceny, is unconvincing. His own testimony casts serious doubt upon petitioner's eligibility for the position of patrolman. He had the burden of proving his eligibility (Rules and Regulations of the City Civil Service Commission, rule 4.3.3; City Civil Service Commission General Examination Regulations, Regulation E 19.3). We feel that the determination against petitioner was made in good faith. Indeed, the complete documentation in the record belies petitioner's claim that, in any event, his disqualification was not proven at a full hearing. Any number of witnesses testifying to the facts could not have provided more convincing proof than was here afforded. Respondents' determination is supported by the record, and not being arbitrary or capricious, we may not disturb it. (See *Matter of Pell v Board of Educ., Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222.) Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.